**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**MARCO ANTONIO NUNEZ-RAMOS,**

**Petitioner,**

**v.**                                                        **Civil Action No. 2:12cv5**
                                                                **(Judge Bailey)**

**TERRY O'BRIEN, Warden**

**Respondent.**

## REPORT AND RECOMMENDATION

## I. INTRODUCTION

On January 26, 2012, the *pro se* petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On that same date, the Clerk of Court sent the petitioner a Notice of Deficient Pleading which advised him that he must either pay the $5.00 filing fee or submit an application to proceed without prepayment of fees. On February 9, 2012, the petitioner paid the $5.00 filing fee. This case is before the undersigned pursuant to LR PL P 2.

## II. FACTS

In February of 2007, the petitioner pleaded guilty in the United States District Court for the District of Kansas to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). In the plea agreement, the petitioner waived his right to appeal or collaterally attack any matter in connection with his prosecution, conviction and sentence, including his right to file a motion pursuant to 28 U.S.C. § 2255, except as limited by United States v. Cockerman, 237 F.3d 1179 (10th Cir. 2001). In June 2008, the petitioner was sentenced to a 235-month term of imprisonment. In March 2009, the petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. On September 30, 2009, the petitioner's § 2255

motion was denied in part and dismissed in part.  See Criminal Docket For Case #2:06-cr-20141-JWL.[1]

## III. ANALYSIS

A district court should construe *pro se* petitions liberally, no matter how unskillfully pleaded. See Haines v. Kerner, 404 U.S. 519, 520 (1972).  "Although the pleading requirements are construed liberally, '[l]iberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader.  If it fails to do so, a motion under Rule 12(b)(6) will be granted.'  2 Moore's Federal Practice § 12.34[1][b], at 12-60 (3d ed.)."  Minone v. McGrath, 435 F. Supp. 2d 266 (S.D.N.Y. 2006).

The petitioner's pleading is unintelligible.  It appears that he contends that he has discharged the "Criminal/Commercial" case No. 2:06cr20141 by way of a registered bond delivered to the Clerk of Court for the United States District Court in Kansas.  For relief, the petitioner states that he " a living, breathing man, [is] being held prisoner, under an illegal act, and restrained of [his] liberty in violation of the Constitution.....[and] is requesting this Honorable Court issue an order commanding one Terry O'Brien to produce the physical body of Marco A. Nunez, the real party in interest, before this Honorable Court, and that he, the one Terry O'Brien show at the same time the cause of the prisoner's detention to that end that he, the prisoner, may be permanently discharged from custody." (Dckt.1, p. 8).  In summary, the petitioner rambles incoherently and does not assert factual allegations which would give rise to a valid basis for relief which this Court has the authority to

---

[1]The docket is available for viewing on PACER.

grant.[2]

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Petition (Doc. 1) be

**DENIED AS UNINTELLIGIBLE** and **DISMISSED WITH PREJUDICE.**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

**DATED**: April 3, 2012

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE

---

[2]It would appear that the petitioner filed a similar pleading in the United States District Court for the District of Kansas.  In denying the petition's Motion for Relief from Judgment, the Kansas Court noted that the judgment against him included 235 months in prison and a $100 special assessment.  As of May 6, 2011, that court's records indicated that petitioner had only paid half of the special assessment fee, and his prison term was not yet complete.  A review of the BOP's website indicates that the petitioner's projected release date is November 9, 2023. Accordingly, regardless of what "bond" he claims to have paid, he is not entitled to release until he has completed his sentence.