IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

MARCO A. NUNEZ,

    Petitioner,

v.                                                Civil Action No. 2:12-CV-5
                                               (Bailey)

TERRY O'BRIEN,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge David J. Joel [Doc. 10]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Joel filed his R&R on April 3, 2012 [Doc. 10]. In that filing, the magistrate judge recommended that this Court deny as unintelligible and dismiss the petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] with prejudice [Doc. 10 at 3].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within

fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The docket reflects that service was accepted on April 3, 2012 [Doc. 11]. The petitioner timely filed his objections on April 16, 2012 [Doc. 12]. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

## I. Factual and Procedural History

On February 2, 2007, the petitioner entered a guilty plea in the United States District Court for the District of Kansas to possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) [*See* 2:06-CR-20141 Doc. 18]. The plea agreement included a waiver of appeal or collateral attack, including a petition pursuant to 28 U.S.C. § 2255 (except as limited by **United States v. Cockerman**, 237 F.3d 1179 (10th Cir. 2001)) [*Id.* at 6-7]. The petitioner was sentenced to a 235-month term of imprisonment on June 23, 2008 [*See* 2:06-CR-20141 Doc. 49]. On March 5, 2009, petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [*See* 2:06-CR-20141 Doc. 56]. On September 30, 2009, the United States District Court for the District of Kansas denied in part and dismissed in part petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [*See* 2:06-CR-20141 Doc. 73]. On January 24, 2012, the petitioner filed the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 that is currently pending before this Court [*See* Doc. 1].

## II. Applicable Law

A district court should construe *pro se* petitions liberally, no matter how unskillfully pleaded. *See* **Haines v. Kerner**, 404 U.S. 519, 520 (1972). "Although the pleading

requirements are construed liberally, '[l]iberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists upon which relief could be accorded the pleader. . . .'" *Mione v. McGrath*, 435 F.Supp.2d 266 (S.D.N.Y. 2006) (quoting 2 Moore's Federal Practice § 12.34(1)(b) at 12-60 (3d ed.)).

### III.  Discussion

In the petitioner's § 2241 petition, he states that he is requesting this Court to "issue an order commanding one Terry O'Brien to produce the physical body of Marco A. Nunez, the real party in interest, before this honorable court, and that he, the one Terry O'Brien [*sic*] show at the same time the cause of the prisoner's detention to that end that he, the prisoner, may be permanent [*sic*] discharged from custody" [Doc. 1 at 8].  The petitioner appears to argue that the underlying case was discharged by way of a registered bond delivered to the sentencing court; however, the petitioner fails to provide any supporting factual assertions for the requested relief [*See* Doc. 1].  In the R&R, the magistrate judge concluded that the petitioner's pleading is unintelligible and the petition should be denied with prejudice [Doc. 10 at 2-4].

Petitioner filed his objections to the magistrate judge's R&R on April 16, 2012 [Doc. 12].  In his objections, the petitioner requests this Court to take judicial notice of a litany of items:  (1) various facts regarding a third-party debt collector, (2) alleged injuries to the petitioner (with no supporting facts), (3) problems with the indictment in petitioner's underlying case (including the fact that it "was not written against [his] biological property's upper and lower case 'name'"), (4) procedures for creating laws, (5) information regarding the May 12, 1947, vote on a house bill, and (6) unauthorized use of the petitioner's

intellectual property rights [*See id.*]. After reviewing and liberally construing fourteen pages of this type of rambling, this Court was able to decipher only two objections to the magistrate judge's R&R. First, the petitioner argues that the R&R is "unreasonable" [*Id.* at 1]. Second, the petitioner argues that the R&R misrepresents the existence of a plea agreement in the petitioner's underlying case [*Id.* at 10].

With regard to the first objection, this Court does not find the magistrate judge's R&R to be unreasonable. Upon review of the petitioner's section 2241 petition, this Court agrees with the magistrate judge's conclusion that the petition is unintelligible. With regard to the second objection, this Court notes that the docket sheet for Case Number 2:06-CR-20141 in the Unites States District Court for the District of Kansas reflects the existence of a plea agreement. *See* Case No. 2:06-CR-20141 Doc. 18. Moreover, although the petitioner has attached an "unautographed" copy of the plea agreement to his objections, the plea agreement filed with the sentencing court was clearly signed. *See id.* As such, the petitioner's objections are hereby **OVERRULED**.

### IV. Conclusion

Upon careful review of the report and recommendation and the petitioner's pleading, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 10]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Furthermore, the petitioner's Objections **[Doc. 12]** are **OVERRULED**. Accordingly, the petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 **[Doc. 1]** is hereby **DENIED as unintelligible**. As such, the same is hereby **DISMISSED WITH PREJUDICE** and **ORDERED STRICKEN** from the active docket of this Court. The Clerk is directed to enter a separate judgment in favor of the respondent.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** May 16, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE